JOHN A. AGNEW

*v.*

CAROLINE FULTS *et al.*

*Filed at Mt. Vernon January 25, 1887.*

1. ASSIGNMENT OF ERROR—*as to matters not affecting the party alleging error.* After a defendant in chancery has suffered a decree to be taken *pro confesso* as to him, he can not assign for error that the evidence in the cause was taken before the service of summons, as such error does not affect him. A party can not take advantage of an irregularity which may in some manner affect his co-defendants, but not himself.

2. WRIT·OF POSSESSION—*on decree assigning dower.* By the statute, the approval of the report of the commissioners setting off dower to a widow, vests in her an estate·for life in the land assigned to her, and the court is required forthwith to cause her to have possession by a writ directed to the sheriff for that purpose.

WRIT OF ERROR to the Circuit Court of Monroe county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. MICHAN & RICKERT, for the plaintiff in error.

Mr. WILLIAM WINKELMAN, for the defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill brought by the widow and a portion of the heirs of Jacob Fults, deceased, against the remaining heirs and certain others persons, including plaintiff in error, John Agnew, who were in possession of a portion of the premises as tenants, for the purpose of assigning dower and setting off

homestead in the lands of which Jacob Fults died seized, in Monroe county. Commissioners were appointed, by decree of court, to set off homestead and assign dower to the widow. They took the oath prescribed by statute, and went upon the premises and set off homestead and dower, as required by the decree. They filed a report, which was approved and confirmed by decree. No person interested in the title to the lands makes any objection to the decree, but Agnew, who was a mere tenant, sued out this writ of error.

The objections interposed by plaintiff in error are merely technical, and without force. One is, that the evidence was taken before summons was served. If that be true, it does not affect him. He failed to appear and answer the bill after being served with summons. He was called, and defaulted, and a decree *pro confesso* entered. As plaintiff in error confessed the bill, an irregularity which might in some way affect the other defendants can not be taken advantage of by him.

In the decree, the court directed a writ to issue to put the widow in possession of the lands set off to her, and this part of the decree is complained of. Section 38, chapter 41, of the Revised Statutes, entitled "Dower," provides, that the approval of the report of the commissioners shall vest in the person entitled thereto, an estate in the lands set off to her, for and during her natural life; and the court shall forthwith cause such person to have possession, by writ directed to the sheriff for that purpose. This provision of the statute, which probably escaped the attention of counsel, fully warranted that part of the decree complained of.

We perceive no error in the decree prejudicial to the rights of plaintiff in error, and it will have to be affirmed.

*Decree affirmed.*